16-2006, 16-2326
*Celltrace Communications Limited v. Acacia Research Corporation*

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 25th day of April, two thousand seventeen.

PRESENT:  AMALYA L. KEARSE,
          GUIDO CALABRESI,
          JOSÉ A. CABRANES,
                    *Circuit Judges.*

---

CELLTRACE COMMUNICATIONS LIMITED, WAYNE MICHAELS,

                    *Plaintiffs-Appellants,*                    16-2006, 16-2326

              v.

ACACIA RESEARCH CORPORATION, ACACIA RESEARCH GROUP, LLC,

                    *Defendants-Appellees.*[*]

---

**FOR PLAINTIFFS-APPELLANTS:**          REAGAN W. SIMPSON (Collin J. Cox, Christian J. Ward, April L. Farris, *on the brief*), Yetter Coleman LLP, Houston, TX.

---

[*] The Clerk is directed to alter the caption of this case to read as indicated above.

**FOR DEFENDANTS-APPELLEES:**    Marc J. Schneider (Travis P. Brennan,
Justin Klaeb, *on the brief)*, Stradling Yocca
Carlson & Rauth, P.C., Newport Beach,
CA.

Appeal from an order of the United States District Court for the Southern District of New York (Alison J. Nathan, *Judge*).

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the order of the District Court be and hereby is **AFFIRMED IN PART**, **VACATED IN PART**, and the cause is **REMANDED** for the entry of an order **STAYING** the proceedings.

We expect appeals such as this one to grow increasingly rare and soon become extinct. The District Court granted defendants' motion to compel arbitration and dismissed, rather than stayed, the case. On appeal, both parties agree that the District Court erred in dismissing, rather than staying, the action. "[W]hen all claims are referred to arbitration and a stay requested," as happened here, "the Federal Arbitration Act, 9 U.S.C. § 1 *et seq.* ("FAA"), *requires* a stay of proceedings." *Katz v. Cellco P'ship*, 794 F.3d 341, 343 (2d Cir.), *cert. denied*, 136 S. Ct. 596 (2015) (emphasis added). Had the District Court entered a stay, moreover, this appeal would not exist. *See id.* at 346 ("[T]he FAA explicitly denies the right to an immediate appeal from an interlocutory order that compels arbitration or stays proceedings." (citing 9 U.S.C. § 16(b)(1)–(2)). While we are not thereby deprived of jurisdiction over the merits of this appeal, those merits require little discussion. Substantially for the reasons given by the District Court in its memorandum decision, we conclude that the parties agreed that, prior to litigating in court, they had "to try in good faith to settle [any] dispute" through a particular mechanism—"formal arbitration under the Rules of Arbitration of the International Chamber of Commerce"—and that this condition has not been met. Thus we need not disturb the District Court's ruling other than to vacate its order of dismissal and remand for entry of a stay.

Accordingly, the judgment of the District Court is **AFFIRMED IN PART**, **VACATED IN PART**, insofar as it dismissed this action, and the cause is **REMANDED** for the entry of an order **STAYING** the proceedings.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

2